IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JIM GILES**                                                                                    **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 3:06CV572HTW-LRA**

**HALEY BARBOUR, Governor of Mississippi;**
**JIM HOOD, Attorney General for the State of Mississippi and**
**ERIC CLARK, Secretary of State of Mississippi,**
**members of the Mississippi State Board of Election Commissioners;**
**CAROL SWILLEY, Circuit Clerk and Registrar**
**for Rankin County, Mississippi**                                                **DEFENDANTS**

## DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY

Come now, the State Defendants in this matter and file this motion to exclude plaintiff's presentation of expert testimony at the preliminary injunction hearing.

1. According to the electronic civil docket, pro se plaintiff Jim Giles initiated this action some six months ago by filing a motion for preliminary injunction on October 12, 2006, and a complaint on December 26, 2006.  See Docket Entries 1 & 2.  As of April 30, 2007, none of the State Defendants had been served with a summons or complaint.  On April 16th, this matter was set for a hearing for May 2nd to consider plaintiff's now six month old and unserved motion for preliminary injunction.

2. Because the complaint was not served on the State Defendants, there has been no disclosures by either party nor any discovery.

3. On Friday, April 27, plaintiff informed the undersigned counsel of his intent to call Jon A. Krosnick to testify telephonically at the May 2nd hearing.  Plaintiff has designated Mr. Krosnick as an expert witness on the subject of "position bias" in ballot placement.  Plaintiff has disclosed Mr. Krosnick's curriculum vitae and several articles authored by the witness.

4. The State Defendants object to the purported expert testimony of Mr. Krosnick because no Rule 26 expert report has been submitted by the witness. Further, the Friday designation has deprived the State Defendants of the opportunity to depose this expert witness or to prepare for his testimony. Plaintiff should not be allowed to gain a procedural advantage in a preliminary injunction hearing by delaying the hearing for six months and then disclosing an expert witness two only working days before the hearing.

5. Even though Giles is a pro se (although experienced) litigant, he is sufficiently versed in the law to understand the need for an expert witness and to arrange for such expert testimony. Plaintiff is also sufficiently well-versed in the rules of civil procedure to have several Rule 45 subpoenas issued in this matter. However, Giles has not required his witness produce a Rule 26(a)(2) expert report containing the "complete statement of all opinions to be expressed and the basis and reasons therefore." "Though the Fifth Circuit has held that district courts are to broadly construe pro se briefs, they have also held that pro se plaintiffs are subject to the same rules as those represented by counsel." Haywood v. Tribeca Lending Corp., No. 2:06cv108PA, 2006 WL 2708578 at *2 (N.D.Miss. Sept. 20, 2006); see United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) ("pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure"). As a general rule, a pro se litigant must require their expert to provide a Rule 26 expert report. See Zardo v. Merck and Co. Inc., No. 97-56669, 1999 WL 61902 (9th Cir. Feb. 4, 1999) (unpublished) (affirming exclusion of pro se litigant's expert testimony); Marcello v. Maine, 468 F.Supp.2d 221, 226 (D.Me. 2007) (striking pro se litigant's expert designation which failed to provide report); Belcher v. United States, No. 4:CV-03-1252, 2006 WL 2583453 at *2 (M.D.Pa. Sept. 6, 2006) (slip opinion) (requiring pro se litigant to supply expert report).

The federal rules mandate the production of detailed expert reports in order to eliminate unfair surprise in the testimony of expert witnesses. Pro se litigants should no more be allowed to withhold an expert designation until the Friday before a hearing, or fail to provide an expert report, than should other parties. To hold otherwise would unfairly prejudice the defendants.

6. Production of the witness's curriculum vitae and articles do not satisfy the requirements of Rule 26(a)(2)(B) as the documents do not disclose the witness's potential testimony regarding whether ballot bias exists in plaintiff's campaign nor do they disclose what research the witness has undertaken with respect to whether ballot bias exists at all in Mississippi.

7. Finally, that the hearing in question will consider plaintiff's request for preliminary injunction does not excuse the Friday disclosure of the expert witness sans an expert report. Unlike a typical preliminary injunction hearing occurring within days of the filing of the complaint, plaintiff initiated this action in October 2006, some six months prior to the hearing, and no summons has yet been served on the State Defendants. Had plaintiff served the State Defendants with process in a timely manner, a scheduling order would have been entered, experts would have been disclosed, and discovery would have proceeded. Similarly, if plaintiff delayed six months after the filing of the motion for preliminary injunction to retain an expert, plaintiff's lack of diligence should not be rewarded by a procedural advantage. Plaintiff should not be able to prejudice the State Defendants in this hearing by delaying the hearing for six months and then disclosing an expert witness two only working days before the hearing.

8. Because this motion succinctly sets forth the grounds for relief, the defendants ask that the local requirement of a separate memorandum be waived.

This the 1st day of May, 2007.

By:   JIM HOOD, ATTORNEY GENERAL
      STATE OF MISSISSIPPI


      s/ Harold E. Pizzetta III
      HAROLD E. PIZZETTA III
      SPECIAL ASSISTANT ATTORNEY GENERAL
      CIVIL LITIGATION DIVISION

      *Counsel for the State Defendants*

Civil Litigation Division
Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone; (601) 359-3680
Bar No. 99867

**CERTIFICATE OF SERVICE**

      I, Harold E. Pizzetta, III, Special Assistant Attorney General for the State of Mississippi, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service and forwarded via electronic mail the document to the following non-ECF participant:

Jim Giles
173 Pear Lane
Pearl, Mississippi 39208

Jim Giles
jimmydgiles@bellsouth.net

*Plaintiff, Pro Se*

This 1st day of May, 2007.

                                              s/ Harold E. Pizzetta III
                                              HAROLD E. PIZZETTA III