IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 24 2007
J. T. NOBLIN, CLERK
BY_____ DEPUTY

**JIM GILES**            PLAINTIFF

V.          CIVIL ACTION NO. <u>3:06cv572 HTW-LRA</u>

**HALEY BARBOUR, Governor of Mississippi;
JIM HOOD, Attorney General for the State of Mississippi and
ERIC CLARK, Secretary of State of Mississippi,
members of the Mississippi State Board of Election Commissioners;
HAROLD A. CRAIN, Rankin County Election Commission Chairman,
KITTY LINGLE JACKSON, Copiah County Election Commission Chairman and
MURRY KEITH, Simpson County Election Commission Chairman**      **DEFENDANTS**

### RESPONSE TO STATE ELECTION COMMISSIONERS' REBUTTAL <u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>

Comes now plaintiff, Jim Giles, pro se, and files his response to state election commissioners' (hereinafter, "the state") rebuttal in support of their motion to dismiss and would state as follows:

1. Unable to defend Miss. Code Ann. § § 23-15-367 and 23-15-351 as constitutional which control the "official" ballot used by voters on Election Day and unwilling to let the county defendants bear the legal liability, the state remains silent on the *law* and instead defends the "sample" ballot order *policy* which was not submitted to the United States Justice Department for *preclearance* under Section 5 of the Voting Rights Act of 1965. "He asked if there was a preclearance issue with any change to the existing ballot order policy. Secretary Clark replied that he believed that there was not since it did not substantially change state law." See the state's Exhibit "A," ¶ 2. In <u>Allen v. State Board of Elections</u>, 393 U.S. 544, 565 (1969), **the Supreme Court stated that the coverage of Section 5 was to be given a**



broad interpretation. Any change affecting voting, even though it appears to be minor or indirect, returns to a prior practice or procedure, ostensibly expands voting rights, or is designed to remove the elements that caused objection by the Attorney General to a prior submitted change, is subject to the Section 5 review requirement.

2. The state avers "Pro se plaintiffs do not have the authority to amend their complaint ad infinitum at the expense of multiple defendants who must respond to each successive complaint" but provide no legal authorities to trump those cited by Plaintiff in his original response concerning the right to amend in general and the right to amend by pro se litigants. Moreover, the first two amendments were minor, adding parties only.

3. The state avers, "According to the Second Amended Complaint and the oral assertions of Plaintiff before this Court." As the Plaintiff cited the Fifth Circuit in his original response, "In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." The Court must not consider Plaintiff's oral assertions and only look to the four corners of the second amended complaint which make no reference to any "two-tiered candidate ordering policy."

4. The state avers "[T]he most diffuse and confused set of allegations to date" describing Plaintiff's proposed third amended complaint. Plaintiff alleges simply that candidates listed first on the ballot have an advantage and that county

2

election officials intentionally discriminated against candidate Giles by listing a member of their own party, a Republican incumbent, first on the ballot above Giles.

5. The state avers, "First, even a cursory review of the Rankin and Simpson County ballots demonstrates that the counties used a two-tiered method and not an 'incumbent first' method. On each ballot, the election for United States Senate places the candidates in the following order: Erik Fleming (D), Trent Lott (R), and Harold Taylor (I)." Plaintiff is complaining about incumbent Republican Chip Pickering being listed first on the ballot and about the discrimination of county election commission chairmen in awarding the advantageous first ballot position to the incumbent. There was no Democrat in the third congressional race and even if there had been it would be speculation as to why the names were so arranged. The state has an explanation of Chip Pickering's advantageous first ballot position that does not comport with Miss. Code Ann. § § 23-15-367 and 23-15-351. Ultimately these are issues of fact. The county defendants can call their witnesses to so testify but Plaintiff should be entitled to cross exam those witnesses and allow the court to make a factual determination as to their credibility.

6. In sum, the state's argument remains irrelevant ignoring Miss. Code Ann. § § 23-15-367 and 23-15-351 and Plaintiff's allegation that advantage and discrimination attach to the county election commission chairmen listing incumbent Republican Chip Pickering first on the "official" ballot used by voters on Election Day.

Respectfully Submitted, this the 24th Day of May, 2007.

Jim Giles, *Pro Se*

173 Pear Lane
Pearl, Mississippi 39208
(601) 939-2950
jimmydgiles@bellsouth.net

### CERTIFICATE OF SERVICE

I, Jim Giles, do hereby certify that I have this date filed the foregoing with the Clerk of the Court and I hereby certify that I have this date served by first class mail, postage prepaid the foregoing to:

Harold Pizzetta
Office of the Attorney General
State of Mississippi
Post Office Box 220
JACKSON MS 39205

David L. Morrow, Jr.
Morrow & Elliott, P.L.L.C.
200 East Government Street, Suite 100
BRANDON MS 39042

James D. Shannon
Shannon Law Firm
100 West Gallatin Street
HAZLEHURST MS 39083-0869

Danny Welch
Attorney at Law
224 North Main Street
MENDENHALL MS 39114-3524

This 24th day of May, 2007.

_____
Jim Giles

4